[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Connecticut claims that is has priority senior to the plaintiff because its lien was recorded prior to the enactment of the curative statute Special Act 89-6 10 with an effective date of April 18, 1989.
There is no dispute that the state took no action other than recording its lien before April 18, 1989 and subsequent to plaintiff recording its improperly acknowledged mortgage deed.
The issue is whether the State of Connecticut, acting CT Page 8343 through its legislative branch could retroactively cure plaintiff's defective deed, since such a cure is conditioned upon the requirement that retroactive application must not operate so as to abrogate vested rights. Hartford v. Freedom of Information Commission, 201 Conn. 421, 426 (1986).
Section 9 of the Special Act appears to address the issue of vested rights be requiring a lienor to do more than sit back in order to enjoy a claim of vested rights. Section 9 requires that a lienor, being on notice of the defect by it being recorded on the land records, to bring an action, suit or proceeding or record a notice of the pendency thereof before the effective date of the curative act. This the State of Connecticut did not do.
The court is not addressing the possible different result if the lienor was other than the State of Connecticut.
As to the State of Connecticut it is clear to the court that the state is bound by its own enactments. The State decided that it would require of itself, if a lienor, to be bound by its curative statute, if it did not act in accordance with Section 9 of its statute. Since it chose not to act prior to the effective date of the curative statute it is bound by the curative provisions of that statute.
As between the plaintiff and the State of Connecticut, the lien of the plaintiff, having been perfected by the Special Act, is superior to the lien of the State of Connecticut.
SODOLINK, JUDGE